UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------- x

ALISA MCCOY, PATRICK MCCOY, JAMES MCCOY,

                              Plaintiff,

              -against-                        23-cv-03019-HG-SJB

SUEANN SIMMONS, AND CASSANDRA KELLEHER-
DONNARUMA

                              Defendants.

---------------------------------------------------------------------- x


**DEFENDANT' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S
MOTION FOR RECONSIDERATION**

**MURIEL GOODE-TRUFANT**
*Corporation Counsel of the City of New York*
Attorney for Defendants
100 Church Street
New York, NY 10007
(212) 356-2392
AlfMille@law.nyc.gov


By:    /S/
       Alfred Miller, Jr.
       Assistant Corporation Counsel

## PRELIMINARY STATEMENT

Plaintiffs now proceeding through counsel, have filed this motion for reconsideration of a denial by this Court for leave to file a Second Amended Complaint. As relevant to Suanne Simmons, the proposed amended complaint seeks to allege additional claims by a dismissed Plaintiff against the sole remaining defendant. Specifically, Plaintiffs seek to allege a fair trial based on false evidence in a family court proceeding.[1] In its September 30, 2025 ruling, this Court found no clear error in dismissing all of Plaintiff Alisa McCoy's claims as time barred, and Alisa McCoy raised no objection. Instead, she argued there was no probable cause to vitiate her malicious prosecution claim. Plaintiffs obtained counsel in December 2024. On April 16, 2025— 167—days after this Court's decision, Plaintiffs now seek to expand liability based on purported new facts not in the record. Although discovery is at a nascent stage, both the City and State Defendants consented to extend discovery to allow counsel to review the instant proceeding. However, Plaintiffs belated motion for reconsideration violates Local Rule 6.3, the denial of leave to amend does not result in a manifest injustice, and Plaintiffs seek to rely upon progress notes are outside of the record in this case. Because Plaintiffs fail to show that reconsideration is warranted this court should deny reconsideration of its prior order and affirm its September 30, 2025 decision.

## STANDARD OF REVIEW

"Reconsideration of a court's previous order is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Grand Crossing, L.P. v. United States Underwriters Ins. Co.*, 2008 U.S. Dist. LEXIS 80833, **8-9 ((S.D.N.Y. Oct. 3, 2008). A motion for reconsideration in the Eastern District of New York is

---

[1] Ms. Simmons does not object to Plaintiffs' voluntary withdrawal of claims against former State of New York employee CASSANDRA KELLEHER-DONNARUMA.

governed by Local Rule 6.3. *Vasquez v. City of N.Y.*, No. 22-CV-05068 (HG), 2024 U.S. Dist. LEXIS 78867, at *3 (E.D.N.Y. Apr. 30, 2024) (reviewing leave for reconsideration of the denial of leave to file an amended complaint *only* under rule 6.3) "Local Rule 6.3 requires that, in a motion for reconsideration, the movant must set forth concisely the matters or controlling decisions which counsel believes the court has overlooked." *Grand Crossing, L.P. v. United States Underwriters Ins. Co.*, 2008 U.S. Dist. LEXIS 80833, at *7-8 (S.D.N.Y. Oct. 3, 2008) (internal quotation omitted). Under Local Rule 6.3, "a notice of motion for reconsideration must be served within 14 days after the entry of the court's order being challenged." S&E D NY USDC Civil LR 6.3. Plaintiff has failed to comply with Local Rule 6.3, and her motion for reconsideration must be denied. See *Vasquez,* 2024 U.S. Dist. LEXIS 78867, at *3. Additionally, "[n]o party is to file an affidavit unless directed by the court." S&E D NY USDC Civil LR 6.3.

Even if the Court were to overlook the patent failure to comply with Local Rule 6.3— which it should not—the motion for reconsideration must still be denied. The standard for granting such a motion is strict, and "Generally, motions for reconsideration are not granted unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *In re BDC 56 LLC*, 330 F.3d 111, 123 (2d Cir. 2003) (internal quotation marks omitted). "Such a motion is "neither an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have been previously advanced." *Brown v. City of N.Y.*, 622 F. App'x 19, 19 (2d Cir. 2015) "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992); see also *Butto v. Collecto Inc.*, 845 F. Supp. 2d 491, 494 (E.D.N.Y. 2012). Notably, a

motion for reconsideration "is not a substitute for appeal and may be granted only where the Court has overlooked matters or controlling decisions which might have materially influenced the earlier decision." *Grand Crossing, L.P.*, 2008 U.S. Dist. LEXIS 80833, at *8-9. Indeed, "Of importance, a motion for reconsideration is not an opportunity for litigants to reargue their previous positions or present new or alternative theories that they failed to set forth in connection with the underlying motion. *Butto v. Collecto Inc.*, 845 F. Supp. 2d 491, 494 (E.D.N.Y. 2012).

In deciding a motion for reconsideration, "the court should consider: (1) whether there has been 'an intervening change of controlling law;' (2) whether there is new evidence presented that was not previously available on the original motion; and (3) whether there is a 'need to correct a clear error or prevent manifest injustice.'" *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (*quoting Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)). "Generally, reconsideration is not warranted where the moving party: (1) seeks to introduce additional facts not in the record on the original motion; (2) advances new arguments or issues that could have been raised on the original motion; or (3) seeks solely to relitigate an issue already decided." *Colvin v. State Univ. Coll. at Farmingdale*, 13-CV-3595 (SJF) (ARL), 2015 U.S. Dist. LEXIS 61181, **7-9 (E.D.N.Y. May 8, 2015) (collecting cases). Plaintiffs here seek to introduce new facts not in the record on the original motion by way of Progress Notes and advance entirely new arguments Plaintiffs failed to make in opposition to the motions to dismiss.


**ARGUMENT**

**POINT I: PLAINTIFFS' MOTION FOR RECONSIDERATION SHOULD BE DENIED BECAUSE PLAINTIFFS FAIL TO COMPLY WITH LOCAL RULE 6.3**

Plaintiffs request for reconsideration of the denial of leave to amend should be denied as Plaintiffs have not complied with Local Rule 6.3.[2] Under Local Rule 6.3, "a notice of motion for reconsideration must be served within 14 days after the entry of the court's order being challenged." S&E D NY USDC Civil LR 6.3. Additionally, "[n]o party is to file an affidavit unless directed by the court." S&E D NY USDC Civil LR 6.3. Plaintiffs fail in both respects because the motion for reconsideration was not filed until April 16, 2025, and it includes an attorney affirmation seeking to introduce new evidence. *See id*.

Here, the order being challenged was issued on September 30, 2024. *McCoy,* 2024 U.S. Dist. LEXIS 177650, at *40. The Court overlooked Plaintiffs non-compliance with the Court rules when it considered all of the Plaintiffs' exhibits in an effort to allow the plaintiffs the opportunity to raise their best case. As a result of its "detailed review of all the substantive papers filed by Plaintiffs, including exhibits and documents referenced in their pleading," the Court declined to allow the Plaintiffs a fourth opportunity as Plaintiffs pled their claims exhaustively. *Id.*, at *40. As the Court noted, Plaintiffs "have effectively already been given three separate opportunities to make substantive amendments, including once after having had the opportunity to review the R&R." *Id.*, at *42. Plaintiffs filed the instant motion for reconsideration on April 16, 2025. See ECF #87. That is more than five months—167 days—after the entry of the September 30, 2024 order. Notably, Plaintiffs raised no issue with respect to the alleged Fair Trial based on False Evidence claim Alisa McCoy seeks at this untimely juncture to raise during any of the three separate opportunities to make substantive amendments. Consistent with rule 6.3, Plaintiffs had 14 days to seek reconsideration of the September 30, 2025 order. Local Rule 6.3. Plaintiffs did

---

[2] Plaintiffs have also not complied with Local Rule 15.1 in that they fail file and serve a version of the proposed pleading that shows—through redlining, underlining, strikeouts, or other similar typographic method—all differences from the pleading that it is intended to amend or supplement

not. Moreover, in support of the instant motion Counsel attaches an attorney affirmation, in derivation of rule 6.3. As Plaintiffs fail to comply with Local Rule 6.3, this Court should deny the motion for reconsideration. See id.

Plaintiffs in no way contend with Local Rule 6.3 in their motion, instead Plaintiffs argue that leave should be freely given citing Rule 15(a)(2).*See* Mem. of Law. ECF #87-2 p.2. Further Plaintiffs assert that leave should be given whenever pro se Plaintiffs obtain counsel. Id. However, the cases cited by the Plaintiffs all stand for the position that pro se plaintiffs should be given at least one opportunity to amend. *See e.g. Bradley v. Coughlin*, 671 F.2d 686, 690 (2d Cir. 1982) and *Baxter v. Wagner*, 802 Fed. Appx. 32. Indeed, Courts have denied leave to amend pursuant to 15(c) and 16(b) made after pro se plaintiffs obtain counsel. *Smith v. N.Y.C. Dep't of Educ.*, 524 F. App'x 730, 734 (2d Cir. 2013); *Kassner v. 2nd Ave. Delicatessen, Inc.*, 496 F.3d 229, 243 (2d Cir. 2007) (remanding to the district court for an analysis under Rule 16 after compliance with Rule 15.) Indeed, permitting a party to amend "simply on the basis of new counsel would be to allow a party to manufacture good cause at any time simply by switching counsel." *Alexander v. Westbury Union Free Sch. Dist.*, 829 F. Supp. 2d 89, 118 (E.D.N.Y. 2011) (citations and quotation makes omitted).

Likewise, Plaintiffs fail to meet their burden of demonstrating "the matters or controlling decisions which counsel believes the court has overlooked" in reaching the underlying decision. *SR Int'l Bus. Ins. Co. v. World Trade Ctr. Props., LLC*, 407 F. Supp. 2d 587, 589 (S.D.N.Y. 2006). Reconsideration is not warranted when a party merely seeks to "reargue those issues already considered when a party does not like the way the original motion was resolved." *In re Houbigant Inc.*, 914 F. Supp. 997, 1001 (S.D.N.Y. 1996). The provision for reargument "is not designed to permit wasteful repetition of arguments already briefed, considered and decided." *Woodward &*

*Dickerson v. Kahn*, No. 89 Civ. 6733, 1992 U.S. Dist. LEXIS 17032, at *4 (S.D.N.Y. Nov. 6, 1992). "[D]isagreement with an opinion's outcome is not grounds for reconsideration." *Sacchi v. Verizon Online LLC*, No. 14 Civ. 0423 (RA), 2015 U.S. Dist. LEXIS 48971, **2-3 (S.D.N.Y. Apr. 14, 2015) (citing *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 512 (S.D.N.Y. 2009)).

Here, plaintiff seeks to amend the complaint to allege a denial of a Fair Trial against Sueann Simmons notwithstanding this Court's opinion. *McCoy*, 2024 U.S. Dist. LEXIS 177650, at *42. Plaintiffs merely allege the they obtained counsel and that counsel reviewed[3] the progress notes. See Generally Mem. of Law. ECF #87-3. However, merely obtaining counsel is insufficient to permit reargument, as to allow such "would be to allow a party to manufacture good cause at any time simply by switching counsel." *Alexander v. Westbury Union Free Sch. Dist.*, 829 F. Supp. 2d 89, 118 (E.D.N.Y. 2011). Plaintiffs do not address the import of Rule 16 and the scheduling order entered with the assistance of counsel in January 2024. *See* ECF #84. Instead, Plaintiffs seek to relitigate an issue raised before this Court and decided by this Court because they have now found counsel.

### POINT II: PLAINTIFFS' MOTION SHOULD BE DENIED BECAUSE DENIAL OF LEAVE DOES NOT RESULT IN MANIFEST INJUSTICE

Even if the Court overlooks the procedural bars, denial of leave to amend does not result in manifest injustice. Indeed, the untimely seeking of leave to now argue that she was seeking a Fair Trial Based on False Evidence claim which would otherwise also be untimely. The statute of limitations for a fair trial based on false evidence claim in New York is 3 years from the date of accrual. *McDonough v. Smith*, 588 U.S. 109, 125, 139 S. Ct. 2149, 2161 (2019). Plaintiffs allege

---

[3] Counsel argues that the progress notes are "newly discovered" evidence. These progress notes were created as late as April 21, 2021. Further, on October 22, 2024, Plaintiffs declined to provide the Defendants with releases to permit the disclosure of the progress notes.

that ACS' withdrawal of the petition on James and Patrick McCoy's 18th birthday.[4] When the same arguments were available to the movant before, and the party gives no reason for not alleging them previously, there is no manifest injustice. *See id.* A manifest injustice in a motion for reconsideration is generally found when there is "an error committed by the trial court that is direct, obvious, and observable." *Corpac v. Does*, 10 F. Supp. 3d 349, 354 (E.D.N.Y. 2013); *Idowu v. Middleton*, 2013 U.S. Dist. LEXIS 13843, at *2 n.1 (S.D.N.Y. Jan. 31, 2013) (internal quotations omitted).

Here, the Court's denial of leave to amend the complaint yet again one more time did not result in a manifest injustice. Plaintiff had three opportunities to allege a fair trial claim. While Courts give special solicitude to pro se parties, the Second Circuit has recognized that a court cannot read into pro se submissions claims that are not consistent with the pro se litigant's allegations, or arguments that the submissions themselves do not suggest. *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006). In the Complaint, Amended Complaint and objections, plaintiffs exclusively sought relief for her untimely malicious prosecution claim arguing that *Heck v. Humphries* applies. Plaintiffs' submissions contained no argument that *McDonough* could apply. This Court cannot read into submissions arguments the submissions themselves do not suggest. *Triestman*, 470 F.3d at 477. Generally courts find a manifest injustice in extraordinary circumstances. *See e.g., Gill v. INS*, 420 F.3d 82, 88 (2d Cir. 2005) (noting that a manifest injustice would result if plaintiff was removed from the country without a full review of that decision); *Pichardo v. Ashcroft,* 374 F.3d 46, 56 (2d Cir. 2004) (finding manifest injustice where district court failed to consider a change in governing law regarding an order of

---

[4] As explained more fully in the motion to dismiss and objections to the R&R, Ms. Simmons does not concede that this withdrawal is the "favorable termination" required for a Fair Trial claim.

deportation which existed when plaintiff petitioned for habeas). Here there are no such extraordinary circumstances, Plaintiffs simply want another opportunity to relitigate previously denied relief, now with assistance of counsel. The Court did not fail to consider any change in the governing law, as there was no change in governing law, as many of plaintiffs' claims were time barred. Thus, this is not the "proverbial 'rare case'" and the Court's dismissal of the claims against a majority of the defendants should be affirmed.

B. **Plaintiffs' amendment would be futile as it remains unsettled whether a civil family court proceeding can sustain Fair Trial based on False Evidence claim.**

As this Court has recognized, Plaintiffs Fair Trial claim rests on the assumption that the civil Family Court proceeding can sustain a Fair Trial. Ms. Simmons renews their contention that a civil proceeding cannot sustain a Fair Trial claim for any of the plaintiffs. Indeed, Plaintiffs' claim are further futile, as here, Plaintiffs have not alleged, and does not allege in their proposed second amended complaint any "conscious-shocking" conduct. *See McCo*y, 2024 U.S. Dist. LEXIS 177650, at *30. ("Patrick and James have not alleged any "conscience-shocking" conduct.") Likewise, Ms. Simmons renews their argument that Plaintiffs James and Patrick McCoy lack standing to make or maintain their own fair trial claims based on deprivations of liberty they derivatively experience as a result of those proceedings. The proposed amended complaint fairs no better as it does not allege conscious shocking behavior. To state a claim for substantive due process, a plaintiffs must demonstrate that the state action was "so shocking, arbitrary, and egregious that the Due Process Clause would not countenance it even were it accompanied by full procedural protection." *McCree v. City of N.Y.*, No. 21-cv-02806 (NCM) (LKE), 2025 U.S. Dist. LEXIS 54046, at *29 (E.D.N.Y. Mar. 24, 2025) *Quoting Cox v. Warwick Valley Cent. Sch. Dist.*, 654 F.3d 267, 275 (2d Cir. 2011). As Plaintiffs do not allege conscious shocking conduct by Ms. Simmons, the proposed second amended complaint fails on its merits as well. Further, Ms.

Simmons is entitled to qualified immunity because a fair trial claim based on false evidence is not clearly established. *See Washington v. Cnty. of Rockland*, 373 F.3d 310, 315-16 (2d Cir. 2004).

## POINT III: TO THE EXTENT PLAINTIFFS' MOTION FOR RECONSIDERATION CONTAINS NEW EVIDENCE THE COURT SHOULD NOT CONSIDER IT BECAUSE IT WAS NOT IN PLAINTIFFS' AMENDED COMPLAINT

In Plaintiff's motion for reconsideration she raises information that was not previously in her Amended Complaint. *See* ECF #87-2. As noted above, "reconsideration is not warranted where the moving party…seeks to introduce additional facts not in the record on the original motion." *Colvin v. State Univ. Coll. at Farmingdale*, 13-CV-3595 (SJF) (ARL), 2015 U.S. Dist. LEXIS 61181, *7-9 (E.D.N.Y. May 8, 2015) (collecting cases). Further, "a motion for reconsideration is not the appropriate forum to raise new facts or arguments" Semple v. *Eyeblaster, Inc.*, 2009 U.S. Dist. LEXIS 52153, at *6 (S.D.N.Y. June 19, 2009). *Vasquez*, 2024 U.S. Dist. LEXIS 78867, at *9. (noting that plaintiffs purported new facts was not compliant with 6.3). "The reason for the rule confining reconsideration to matters that were overlooked is to ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters." *Gun Hill Rd. Serv. Station v. ExxonMobil Oil Corp.*, 2013 U.S. Dist. LEXIS 63207, at *4 (S.D.N.Y. Apr. 18, 2013) (internal quotations omitted); *Sank v. City Univ. of New York.*, 2003 U.S. Dist. LEXIS 10396, at *31 (S.D.N.Y. June 19, 2003) (noting that where movant offered to provide affidavit in support of claim in motion for reconsideration, that she should have proffered these facts at the time of the original motion).

In Plaintiffs' Motion for Reconsideration of her Amended Complaint, she seeks to add facts that were not previously considered by the Court. As the Court recognized, there are two specific factual allegations that James and Patrick allege were false: (1) Simmons' false allegation

that Patrick and James were left alone and unsupervised on February 14, 2017: and (2) Simmons' false statements that Patrick and James allegedly made to her in the Affidavit with the Neglect Petition." *McCoy*, 2024 U.S. Dist. LEXIS 177650, at *29-30. Relying upon progress notes not in the record, Plaintiffs now seeks to impute liability based on an incorrect recitation of Alisa McCoy's diagnosis, a fact not included in plaintiffs three opportunities to plead. Thus, a motion for reconsideration is not the proper forum for plaintiffs to raise claims for the first time that were never even considered.

## CONCLUSION

For the reasons set forth herein Defendant Suanne Simmons submits that Plaintiffs' motion for reconsideration should be denied and the Court should affirm its September 30, 2024 Order dismissing multiple defendants and all of Alisa McCoy's claims.

Dated: New York, New York
May 1, 2025

**MURIEL GOODE-TRUFANT**
*Corporation Counsel of the City of New York*
Attorney for Defendants
100 Church Street
New York, NY 10007
(212) 356-2392
AlfMille@law.nyc.gov

By:  /S/ _____
     Alfred Miller, Jr.
     Assistant Corporation Counsel