UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ALISA MCCOY, PATRICK MCCOY, and
JAMES MCCOY,

           Plaintiffs,

v.

ADMINISTRATION FOR CHILDREN'S
SERVICES *et al.*,
           Defendants.

**MEMORANDUM & ORDER**
23-CV-03019 (HG) (PK)

**HECTOR GONZALEZ**, United States District Judge:

    Plaintiff Alisa McCoy and her sons, Patrick and James McCoy, sued the New York City Administration for Children's Services ("ACS"), among many others, primarily alleging constitutional violations under 42 U.S.C. § 1983. Alisa[1] now seeks reconsideration of the Court's prior Order on several motions to dismiss. For the reasons explained below, the motion is DENIED.

## BACKGROUND

    The Court assumes the parties' familiarity with this case's procedural history. In short, Plaintiffs initiated this action and proceeded through motion to dismiss practice without a lawyer. Multiple motions to dismiss were filed. On September 30, 2024, this Court adopted, with three modifications, the report and recommendation of then-Magistrate Judge Bulsara. *See McCoy v. ACS*, No. 23-cv-03019, 2024 WL 4379584 (E.D.N.Y. Aug. 9, 2024) ("*McCoy R&R*"); *McCoy v. ACS*, No. 23-cv-03019, 2024 WL 4344791 (E.D.N.Y. Sept. 30, 2024) ("*MTD Order*").[2] Just

---

[1]     As earlier, and for the sake of clarity, the Court refers to Plaintiffs by their first names.

[2]     Unless otherwise indicated, when quoting cases and the parties' papers, all internal quotation marks, alteration marks, emphases, footnotes, and citations are omitted. The Court refers to the pages assigned by the Electronic Case Files system ("ECF").

four claims against two Defendants survived.  As relevant here, Patrick and James were able to proceed with a Section 1983 denial of a fair trial claim against Sueann Simmons, an ACS caseworker, based on her alleged fabrication of evidence.  *MTD Order*, 2024 WL 4344791, at *9.  The same was not true for Alisa:  although Patrick and James were able to benefit from infancy tolling, her fair trial claim failed because she filed the initial complaint outside of Section 1983's New York-derived three-year statute of limitations period.  *See id.* at *4; *McCoy R&R*, 2024 WL 4379584, at *9.  The Court denied Plaintiffs leave to amend.  *MTD Order*, 2024 WL 4344791, at *12–13.

After the motions to dismiss were resolved, Plaintiffs obtained counsel.  *See* Dec. 20, 2024, Notices of Appearance.  Later, on April 16, 2025, Plaintiffs filed the instant motion for reconsideration.  *See* ECF No. 87 (Mot.); ECF No. 87-2 (Mem.).  They seek reconsideration of the Court's denial of leave to amend and, additionally, leave to amend so that Alisa may assert a fair trial claim against Simmons (the same claim that Patrick and James are currently prosecuting).  *See* ECF No. 87-2 at 5.  On the same day, the Court invited the remaining Defendants to file responses.  Defendant Cassandra Kelleher-Donnaruma, a former state employee against whom Alisa asserted a "stigma-plus" claim, filed her response on May 1, 2025.  *See* ECF No. 90.  On the same day, Simmons filed her response.  *See* ECF No. 91.

Before proceeding to the reconsideration analysis, there is a preliminary matter to resolve.  The motion states: "Plaintiffs also move to voluntarily dismiss the stigma plus claim against Defendant Kellehner-Donnaruma.  Though the Court concluded the claim was colorable, upon greater review of the records and history in the case, the parties believe continuing to pursue the claim will ultimately be futile."  ECF No. 87-2 at 9.  Kelleher-Donnaruma agrees that

2

dismissal is appropriate. ECF No. 90 at 2. Pursuant to Rule 41(a)(2), the Court therefore dismisses Alisa's claim against Kelleher-Donnaruma without prejudice.

## LEGAL STANDARD

The Court must determine the relevant legal standard. Alisa invokes Rules 60(b)(1), 60(b)(6),[3] and 15(a)(2). ECF No. 87-2 at 4–5. Specifically, Rule 60(b) is her proffered basis for reconsideration of the Court's prior Order denying leave to amend, and Rule 15(a)(2) sets out the substantive standard for permitting amendments when the time to amend as of right has expired. But Rule 60(b) cannot aid her in this posture because it provides for relief from a "final judgment, order, or proceeding." And no final judgment resulted from motion to dismiss practice; indeed, Alisa remained in the case. *See Datiz v. Int'l Recovery Assocs., Inc.*, No. 15-cv-3549, 2017 WL 59085, at *2–3 (E.D.N.Y. Jan. 4, 2017) (denying Rule 60(b) relief where the motion to dismiss order allowed the case to proceed). The Court therefore construes the motion as a motion for reconsideration under Local Rule 6.3, which permits reconsideration of an interlocutory order like the Court's prior one. *See U.S. Titan, Inc. v. Guangzhou Zhen Hua Shipping Co.*, 182 F.R.D. 97, 100 (E.D.N.Y. 1998). That, in turn, presents its own problem: such a motion "must be served within 14 days after the entry of the court's order being challenged." So, Alisa's reconsideration motion is months late. For this reason, Simmons urges the Court to deny relief. ECF No. 91 at 5–6.

In this case, the Court exercises its "broad discretion . . . to overlook" Alisa's failure to comply with Local Rule 6.3's filing deadline. *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 73 (2d Cir. 2001), *abrogated on other grounds by*, *Gross v. FBI Fin. Servs. Inc.*, 557 U.S. 167 (2009).

---

[3] Although not relevant here, Alisa may not rely on both Rule 60(b)(1), providing for relief on the basis of "mistake, inadvertence, surprise, or excusable neglect," and the catchall Rule 60(b)(6). They are "mutually exclusive." *Mandala v. DTT Data, Inc.*, 88 F.4th 353, 359 (2d Cir. 2023).

The Court does not do so merely because "counsel be[came] involved," ECF No. 87-2 at 5, for that would allow parties to obtain reconsideration merely by obtaining (or changing) lawyers, *see Alexander v. Westbury Union Free Sch. Dist.*, 829 F. Supp. 2d 89, 118 (E.D.N.Y. 2011). Rather, the motion presents thoughtful and well-developed arguments for taking another look at the Court's prior decision, even if they ultimately fail to persuade. *See Bjelobrk v. Suffolk Cnty.*, No. 23-cv-08811, 2025 WL 1043624, at *1 (E.D.N.Y. Apr. 8, 2025) (granting motion for reconsideration but denying request for underlying relief on motion to dismiss). Ultimately, this result is consistent with the Second Circuit's "strong preference for resolving disputes on the merits." *Baxter v. Bradley*, No. 21-1787-pr, 2022 WL 1315629, at *1 (2d Cir. May 3, 2022).[4]

Local Rule 6.3 therefore controls. Under that rule, "[t]he standard for granting a motion for reconsideration is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *See Johnson v. Cnty. of Nassau*, 82 F. Supp. 3d 533, 535–36 (E.D.N.Y. 2015) (quoting *Shrader v. CSX Transp.*, 70 F.3d 255, 257 (2d Cir. 1995)). In this posture, that is overlaid on the Court's prior denial of leave to further[5] amend, which is controlled by Rule 15(a)(2). As previously explained, under that rule, "[a] court should freely give leave when justice so requires, but it may, in its discretion, deny leave to amend for good reason, including futility, bad faith, undue delay, or undue

---

[4]   For these same reasons, the Court also rejects Simmons's other technical objections to the motion, including that it attaches an attorney affidavit, also in contravention of Local Rule 6.3.

[5]   As Plaintiffs now recognize, ECF No. 87-2 at 9–10, the Court previously concluded that, at the time it resolved the motions to dismiss and denied leave to further amend, "Plaintiffs ha[d] effectively already been given three separate opportunities to make substantive amendments, including once after having had the opportunity to review the R&R," because the Court had considered Plaintiffs' new allegations included in various voluminous filings outside of the formal pleadings, *MTD Order*, 2024 WL 4344791, at *13.

4

prejudice to the opposing party." *MSP Recovery Claims, Series LLC v. Hereford Ins. Co.*, 66 F.4th 77, 90 (2d Cir. 2023). "Futility is a determination, as a matter of law, that proposed amendments would fail to cure prior deficiencies or to state a claim under Rule 12(b)(6)." *In re Tribune Co. Fraudulent Conv. Litig.*, 10 F.4th 147, 175 (2d Cir. 2021).

## **DISCUSSION**

As mentioned, Alisa seeks to include a fair trial claim against Simmons. ECF No. 87-2 at 5. She advances three main arguments. First, she says it "would be inequitable" to not permit her to advance the same fair trial claim the Court found sufficiently pled by Patrick and James. *Id.* She adds that the prior denial of leave to further amend was "appropriate in context" but "did not account for the possibility that counsel would later be retained to clarify and properly plead" the fair trial claim. *Id.* at 5–9. Second, she states that new evidence obtained in discovery shows that Simmons's removal petitions to the family court included "fabricated statements" and material omissions. *Id.* at 9–14. Finally, she claims that Simmons would not be unduly prejudiced by amendment at this juncture. *Id.* at 14–15. Although the Court appreciates Alisa's well-crafted arguments, it is unpersuaded.

The fundamental problem with Alisa's position is that it appears to misinterpret the Court's prior Order. She says she "recognize[s] the Court's considerable efforts to read the *pro se* pleadings liberally," but nevertheless suggests that the Court failed to go far enough in that task: "Though the Court correctly identified a viable fair trial claim against Defendant Simmons for the alleged fabrications she made in the petition that was used to secure the removal of Patrick and James, the Court should have extended the same rationale to find Alisa also suffered a violation of her right to fair trial based on those same fabrications." ECF No. 87-2 at 7–8. But that position overlooks a key part of the Court's prior decision. As the proposed third amended

5

complaint illustrates, the vehicle for Alisa's fair trial claim is Section 1983. *See* ECF No. 87-3 at 16. And, as already mentioned, the Court's prior Order adopted Judge Bulsara's conclusion that the Section 1983 claim was untimely. *See MTD Order*, 2024 WL 4344791, at *4. In other words, and contrary to her suggestion, the Court did not construe a fair trial claim for the brothers but erroneously fail to do the same for Alisa; rather, it concluded that any Section 1983 claim by Alisa against the City Defendants, including Simmons, was untimely. *See id.* Thus, there was a principled reason for the different treatment of Plaintiffs, insofar as the brothers were able to take advantage of New York's infant tolling rule, while Alisa, an adult, could not. *See id.*; *McCoy R&R*, 2024 WL 4379584, at *9.

In view of the above, Alisa cannot clear the high hurdle for reconsideration of the Court's prior Order when her motion fails to grapple with—or even to recognize—the dispositive statute of limitations issue, as Simmons now argues. *See* ECF No. 91 at 7–8; *see also Peoples v. Annucci*, No. 22-cv-1263, 2023 WL 2624336, at *4 (N.D.N.Y. Mar. 24, 2023) (denying reconsideration where the motion "fail[ed] to address, in any respect, th[e court's] analysis" underlying a prior dismissal). Instead, Alisa primarily raises equitable considerations. However, as the Court has previously explained in this case, "statutes of limitation are not to be disregarded by courts out of a vague sympathy for particular litigants," *Carey v. Int'l Bhd. of Elec. Workers Loc. 363 Pension Plan*, 201 F.3d 44, 47 (2d Cir. 1999), particularly where, as here, she does not even explicitly ask the Court to look past the statute of limitations. It follows that denial of leave to amend was therefore proper. As the Court previously explained, it would

6

be futile to permit Alisa to amend her pleadings to include a time-barred claim. *See MTD Order*, 2024 WL 4344791, at *12.[6]

## CONCLUSION

For the foregoing reasons, the motion for reconsideration is denied. The Clerk of Court is respectfully directed to terminate Defendant Kelleher-Donnaruma from the docket. Because Plaintiff Alisa McCoy's sole remaining claim was against just Kelleher-Donnaruma, Alisa McCoy shall also be terminated from the docket. Further, consistent with the Court's prior Order, the Clerk of Court is directed to terminate all other Defendants, except for Defendant Simmons, from the docket. This case remains referred to Magistrate Judge Kuo for all pretrial purposes.

SO ORDERED.

                                         */s/ Hector Gonzalez*
                                         HECTOR GONZALEZ
                                         United States District Judge

Dated: Brooklyn, New York
        June 6, 2025

---

[6] Although unnecessary to the resolution of this motion, the Court must also reject the implication of Alisa's argument that "[she], as [Patrick and James's] mother and named respondent in the neglect petition, had a right to a fair trial." ECF No. 87-2 at 9. There is a difference between having a right to a fair trial and a plaintiff's ability to assert a fair trial claim under Section 1983 based on the alleged fabrication of evidence in a family court proceeding. Indeed, the Court has previously expressed "doubt" that Patrick and James will be able to maintain such a claim through this case. *See MTD Order*, 2024 WL 4344791, at *9. That is because, as Judge Kovner has observed, "the Second Circuit has never recognized a constitutional right to be free from fabrication of evidence outside of the criminal context." *Baron v. Lissade*, No. 19-cv-6256, 2021 WL 4407836, at *5 (E.D.N.Y. Sept. 27, 2021). Thus, it is far from certain that the assertion of this claim would not also be futile for this independent reason.

7